**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

February 1, 2022

LETTER TO COUNSEL:

      RE:   *Thomas P. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
             Civil No. TJS-21-136

Dear Counsel:

      On January 15, 2021, Plaintiff Thomas P. petitioned this Court to review the Social Security Administration's final decision to deny his claim for supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 15. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

      Thomas P. filed his application for SSI on December 28, 2017. Tr. 15. He alleged a disability onset date of July 16, 2013. *Id.* His application was denied initially and upon reconsideration. *Id.* Thomas P. requested an administrative hearing, and a hearing was held on March 6, 2020, before an Administrative Law Judge ("ALJ"). Tr. 36-88. In a written decision dated May 11, 2020, the ALJ found that Thomas P. was not disabled under the Social Security Act. Tr. 12-35. The Appeals Council denied Thomas P.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Thomas P.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§ 416.920. At step one, the ALJ found that Thomas P. had not engaged in substantial gainful activity since December 28, 2017, the application date. Tr. 18. At step two, the ALJ found that Thomas P. suffered from the following severe impairments: arthritis, bilateral carpal tunnel syndrome, spinal stenosis of the lumbar spine, asthma, right shoulder pain due to rotator cuff pathology, and depression. *Id.* At step three, the ALJ found Thomas P.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 19-22. The ALJ determined that Thomas P. retained the residual functional capacity ("RFC")

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

      to perform light work as defined in 20 CFR 416.967(b) except the claimant is occasionally able to climb ramps or stairs. The claimant is occasionally able to climb ladders, ropes or scaffolds. The claimant is frequently able to balance. The claimant is occasionally able to stoop, kneel, crouch or crawl. The claimant must avoid concentrated exposure to vibration. The claimant must avoid work at unprotected heights. The claimant must avoid concentrated exposure to fumes, odors, dusts, gases or other environmental irritants. The claimant is able to understand and remember simple routine instructions and carry out repetitive tasks. The claimant is able to make simple, work-related decisions. The claimant is able to deal with occasional changes in a routine work setting. The claimant is able to have frequent interaction with coworkers and/or the general public. The claimant is limited to frequent use of either upper extremity for fine fingering or grasping/handling of small objects. The claimant is limited to frequent use of either upper extremity for overhead reaching. The claimant is able to stand/walk up to 4 hours in an 8-hour workday. The claimant is able to sit up to 6 hours in an 8-hour workday. The claimant is able to adjust position every 45 minutes while remaining at or near the workstation or work area.

Tr. 22.

      At step four, the ALJ determined that Thomas P. was unable to perform past relevant work. Tr. 27. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Thomas P. can perform, including machine feeder, mail clerk, and office helper. Tr. 28-29. Accordingly, the ALJ found that Thomas P. was not disabled under the Social Security Act. Tr. 29.

      Thomas P. raises four arguments in this appeal. First, he argues that the ALJ failed to account for his moderate limitation in concentrating, persisting, or maintaining pace, and so the ALJ did not comply with *Mascio*, 780 F.3d at 638. Second, he argues that the ALJ failed to explain his rejection of a state agency medical consultant's prior administrative medical finding that Thomas P. was limited to occasional hand controls and pushing/pulling with the bilateral upper extremities. Third, Thomas P. maintains that the ALJ erred in failing to address in the RFC assessment his ability to push and pull as required by SSR 96-8p. Fourth, Thomas P. asserts that the ALJ erred in finding that, despite his borderline age, using the higher age category was not supported in this case. After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ did not build a logical bridge from the evidence to his conclusion. Accordingly, I will remand this case for further explanation.

      Robert McGuffin, M.D., a state agency medical consultant, opined in September 2018 that Thomas P.'s ability to push and/or pull was limited in both upper extremities to occasional hand controls, pushing, and pulling because of carpal tunnel syndrome. Tr. 102. The ALJ found Dr. McGuffin's prior administrative medical finding to be persuasive because it was "consistent with and supported by the record as a whole" (Tr. 25). *See* 20 C.F.R. § 416.920c. The ALJ, however, stated that, "in order to account [for Thomas P.'s] symptoms from carpal tunnel syndrome, the

undersigned has included manipulative limitations in the [RFC] above regarding frequent use of either upper extremity for fine fingering or grasping/handling of small objects and frequent use of either upper extremity for overhead reaching." Tr. 25. The VE testified that, if the ALJ's RFC assessment were changed to "occasional use of either upper extremity for fine fingering and grasping and handling of small objects," substantial gainful activity would be eliminated because of the limited standing and walking included in the RFC. Tr. 78-80. Thomas P. thus argues that remand is warranted because of the ALJ's failure to explain why he rejected Dr. McGuffin's administrative medical finding that Thomas P. was limited to occasional use of hand controls and pushing/pulling with the bilateral upper extremities, despite finding the doctor's medical finding persuasive. ECF No. 14-1 at 10.

The Court finds that the ALJ's failure to explain his consideration of Dr. McGuffin's medical finding in this regard is not harmless error and frustrates meaningful review. *See Harden v. Comm'r of Soc. Sec.*, Civil Action No. 13-906, 2014 WL 4792294, at *4 (W.D. Pa. Sept. 24, 2014) ("While the ALJ was by no means required to simply adopt all of the limitations found by the state reviewing agent, he was required to explain his basis for rejecting them if he chose to do so, particularly in light of the fact that he expressly gave significant weight to this opinion in formulating the RFC and hypothetical."); *cf. Hoag v. Saul*, 531 F. Supp. 3d 462, 466 (D. Mass. 2021) (finding that ALJ harmlessly erred in omitting state agency physicians' manipulative and pushing/pulling limitations from RFC assessment because claimant would still be able to work even if these limitations had been included). "While the Commissioner's regulations no longer require ALJs to 'give any specific evidentiary weight' to medical opinions, 20 C.F.R. § 416.920c(a), the substantial evidence standard does require an ALJ to provide some reasoned basis for 'rejecting probative evidence' supporting a disability finding[.]" *Frederick T. v. Kijakazi*, No. 4:20-CV-00070, 2022 WL 193740, at *8 (W.D. Va. Jan. 21, 2022). "Otherwise, the court cannot 'determine whether the ALJ's decision' to deny benefits 'is supported as a matter of fact and law[.]'" *Id.* Because the ALJ "failed to build an 'accurate and logical bridge' from the evidence he recounted to his conclusion about [Thomas P.'s RFC]," the Court remands this case for the ALJ to do so. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *see Frederick T.*, 2022 WL 193740, at *8. I decline to address Thomas P.'s remaining arguments and express no opinion on the ultimate merits of his disability claim.

For the reasons set forth above, both parties' motions for summary judgment (ECF Nos. 14 & 15) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge